[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT (#131) AND MOTION FOR MODIFICATION (#140)
 BACKGROUND
The unfortunate post judgment history of this case, consisting of multiple court appearances and the incarceration of the plaintiff upon a finding of contempt, is the direct result of the imprudent decision by the unrepresented plaintiff to enter an agreement he could not fulfill. This agreement was made part of the judgment of dissolution entered on February 14, 2002.
In relevant part, the judgment obligates the plaintiff to pay alimony in the amount of $175 per week for two years which was non-modifiable as to both amount and term. It also provides for child support in the amount of $211 per week which would increase if the plaintiff's salary increased. The judgment also required the plaintiff to pay $100 per month on an arrearage of $4,560.40 and $100 per month for the defendant's attorney's fee. The plaintiff's income at the time of the judgment was $699 per week. After deduction for federal income tax, social security tax, medicare, alimony, child support, mandatory life insurance, arrearage, and his former wife's attorney's fee, the plaintiff was left with less than $200 per week.
The plaintiff did not make the payments as required resulting in multiple hearings on motions for contempt. Ultimately on October 15, 2002 this court incarcerated the plaintiff upon a finding of contempt. The plaintiff spent three days in jail.
Both parties now seek relief from the court. The defendant continues to press her motion for contempt asserting a failure by the plaintiff to fully comply with the judgment. The plaintiff seeks a modification of the financial orders. CT Page 16612
 DISCUSSION
Since the decree makes the alimony order non-modifiable as to amount, that order is beyond the power of the court to alter or modify. General Statutes § 46b-86 (a). The child support order is modifiable upon a showing of a substantial change in circumstances. Id. In the present case, since the date of the judgment, the plaintiff's income has remained approximately the same. The defendant's income, however, has increased by approximately 30%.
The court finds that the increase in the defendant's income constitutes a substantial change in circumstances. More importantly, the court finds that, under the special circumstances of this case, deviation from the recommended child support guideline amount is appropriate. When the defendant's increased income is included, the plaintiffs recommended child support guideline obligation reduces from $211 to $198 per week. To make such a modest adjustment would perpetuate the existing situation. It is not in the best interests of the parties' children to see their father go to jail or be under a threat of jail. Moreover, if the court had the authority to modify the alimony award, it would. Given the overall financial picture and the plaintiffs demonstrated inability to meet the present orders, the court orders the following:
1. The plaintiff's child support obligation is reduced from the current amount of $211 per week to $150 per week. This modification is retroactive to November 18, 2002.
2. The plaintiff shall pay $30 per week on the accumulated arrearage of unpaid child support and alimony.
3. The plaintiff remains obligated to pay both the alimony and counsel fees as provided in the judgment.
As to the motion for contempt, the court does not find a willful violation of the court's orders. Accordingly, the motion is denied.
 CONCLUSION
For the reasons set forth above, the motion to modify is granted and the plaintiff's child support obligation is modified to $150 per week. The defendant's motion for contempt is denied.
So Ordered at Norwich, Connecticut this 23rd day of December 2002.
Devlin, J. CT Page 16613
[EDITORS' NOTE: This page is blank.] CT Page 16613-a